UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES, | No. 2:19-cv-2496 AC P |
| Plaintiff, | |
| v. | ORDER |
| ROSS MEIR, et al.,[1] | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 4. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. The court shall also order that the complaint be served on defendants Meir and Pierce, correctional officers at California State Prison – Sacramento.

////

////

---

[1] A review of the records provided by plaintiff indicate that the correct spelling of this defendant's last name is "Meier." See ECF No. 1 at 8. Therefore, the Clerk of Court will be directed to change the spelling in the case caption of the docket. Throughout this order, the court will refer to this defendant by the correct spelling of his name: "Meier."

1

I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 1, 4. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III.    PLAINTIFF'S COMPLAINT

Plaintiff names Administrative Officer of the Day, Ross Meier and Sergeant Pierce of California State Prison – Sacramento ("CSP-Sacramento") as the defendants in this action. See ECF No. 1 at 1-2. He contends that his First Amendment right to be free from retaliation[2] and his Eighth Amendment right to be free from cruel and unusual punishment were violated when, on August 18, 2018, at the direction of defendants, he was placed in a holding cell and left standing with his hands cuffed behind his back for ten hours and denied food, adequate water and adequate access to a bathroom. See generally ECF No. 1 at 3-7.

In one of the grievance forms filed about the incident, plaintiff states that after being cuffed and placed in the cell, he repeatedly asked Correctional Officers Ward and Browne, who were the floor cops at the time, why he was being forced to stay in the holding cell in handcuffs. See ECF No. 1 at 6. In response, Ward and/or Browne[3] told him that defendant Pierce told them to keep him cuffed and that defendant Meier told them to keep him in the holding cell. See id. Plaintiff claims that defendants did this to him because he had filed grievances in the past. See id. at 7.

---

[2] Although, plaintiff does not specifically state that his First Amendment rights have been violated in the four corners of the complaint (see generally ECF No. 1 at 1-3), plaintiff's statements in the complaint as well as his attached exhibits lead the court to find that plaintiff is also attempting to raise a First Amendment retaliation claim. See id. at 7; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

[3] It is unclear from the record whether Ward or Browne or both correctional officers told him why he was being kept cuffed in the holding cell. See generally ECF No. 1 at 6.

IV. DISCUSSION

    A. First Amendment Claim

Plaintiff has raised cognizable First Amendment claims against defendants Meier and Pierce. "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Because plaintiff alleges that his filing of grievances was the reason for defendants' mistreatment (see ECF No. 1 at 7), and that being cuffed in a holding cell for ten hours without food or adequate water and restroom access does not appear to have advanced any legitimate goals of CSP-Sacramento, the court finds that plaintiff has pled sufficient facts to support a First Amendment claim. See Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); see also Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Therefore, defendants Meier and Pierce will be ordered to respond.

    B. Eighth Amendment Claim

Plaintiff has also raised cognizable Eighth Amendment claims against defendants Meier and Pierce. "The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'" Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "[H]arsh conditions of confinement may constitute cruel and unusual punishment unless such conditions are part of the penalty that criminal offenders pay for their offenses against society." Whitley v. Albers, 475 U.S. 312, 319 (1986) (brackets added) (citation omitted) (internal quotation marks omitted).

The allegations that Meier and Pierce forced plaintiff to remain cuffed with his hands behind his back in a holding cell for ten hours, while denying him food, adequate water and restroom access, are sufficient to state a claim for relief. Accordingly, defendants Meier and Pierce will be ordered to respond to this claim as well.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall change the spelling of the name of the defendant identified as

4

"Ross Meir, AOD" in the case caption on the docket to "Ross Meier, AOD";

    2. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is GRANTED, and

    3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

    IT IS FURTHER ORDERED that:

    1. In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the court has screened and found service of the complaint appropriate.

    2. This case shall proceed on Plaintiff's complaint filed December 9, 2019 (ECF No. 1), against the following defendants:

- Ross Meier, Administrative Officer of the Day at California State Prison – Sacramento, for violations of plaintiff's First and Eighth Amendment rights, and
- Sergeant Pierce, correctional officer at California State Prison – Sacramento for violations of plaintiff's First and Eighth Amendment rights.

    3. If a defendant either waives service or is personally served, the defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

DATED: April 9, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5