ROB BONTA, State Bar No. 202668
Attorney General of California
JOANNA B. HOOD, State Bar No. 264078
Supervising Deputy Attorney General
JOSHUA S. SHUSTER, State Bar No. 297307
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6333
 Fax:  (916) 761-3641
 E-mail:  Joshua.Shuster@doj.ca.gov
*Attorneys for Defendants*
*C. Pierce and R. Meier (Ret.)*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ANTWONE STOKES,**<br><br>Plaintiff,<br><br>v.<br><br>**MEIER, et al.,**<br><br>Defendants. | 2:19-cv-02496-AC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge: The Honorable Allison Claire<br>Trial Date: Not Set<br>Action Filed: December 9, 2019 |

Defendant C. Pierce and R. Meier ("Defendants") hereby answer Plaintiff Antwone Stokes' Complaint and asserts affirmative defenses as follows. Unless stated otherwise, except for those allegations that are expressly admitted, Defendants deny each and every allegation in the Complaint.

1. In response to Section A of the form Complaint (p. 1[1]), Jurisdiction, Defendants admit that jurisdiction and venue are proper within the Eastern District of California. Defendants admit that Plaintiff pursues this civil rights action under 28 U.S.C. § 1343(a) and 42 U.S.C. §

---

[1] Citations to page numbers refer to the Complaint as paginated by the Court's electronic case filing system (ECF).

1

1983.  Defendants admit that Plaintiff's claims in the Complaint are alleged to have occurred at California State Prison – Sacramento ("CSP-SAC").

2. In response to Section B of the form Complaint (p. 2), Defendants, Defendants Pierce and Meier admit that they are Defendants in this action.  Defendant Meier, who is now retired, admits that on the date of the alleged incident, he was the Administrative Officer of the Day during third watch CSP-SAC.  Defendant Pierce, who is currently a Correctional Lieutenant, admits that on the date of the alleged incident, she was a Correctional Sergeant at CSP-SAC.

3. In response to Section C of the form Complaint (p. 2), Previous Lawsuits, Defendants admit that Plaintiff filed a lawsuit against CDCR on September 6, 2019, entitled *Antwone Stokes v. Douglas Gants* in the Eastern District of California, Case No 2:19-cv-01873.  Defendants deny that the lawsuit is still pending.  Defendants lack sufficient knowledge or information regarding whether Plaintiff has filed any other previous lawsuits as a prisoner, and on that basis, deny Plaintiff's contention that he has not filed any other lawsuits.

4. In response to Section D of the form Complaint (p. 3), Cause of Action, Defendants admit that, per the Court's Order Directing Service of Complaint (ECF No. 8), Plaintiff proceeds on a claims against Defendants Pierce and Meier for alleged violations of Plaintiff's First and Eighth Amendment rights.  Defendants admit that, on August 18, 2018, Plaintiff was placed into a holding cell after seeing medical staff at the Correctional Treatment Center.  Defendants admit that Plaintiff was acting agitated, erratic, shouting profanities, and refusing to return to his cell.  Defendants deny that Plaintiff was "cuffed behind [his] back for 10 hours."  Defendants deny that Plaintiff was denied food and water, and access to a bathroom.  Defendants deny that Plaintiff was injured from "cruel and unusual punishment."  Defendants deny that they acted in disregard of the law to deprive Plaintiff of any constitutional right or to cause any other injury, deny that they violated Plaintiff's rights in any way, and deny that Plaintiff is entitled to any relief whatsoever.

Defendants admit that there is an administrative remedy available at CSP-SAC.  Defendants admit that Plaintiff submitted an appeal for administrative relief related to his claim.  Defendants deny that Plaintiff exhausted his administrative remedies.

2

Defs.' Answer to Pl.'s Compl.; Demand for Jury Trial  (2:19-cv-02496-AC)

5. In response to Section E of the form Complaint (p. 10), Request for Relief, Defendants deny that Plaintiff is entitled to any relief, including compensatory or punitive damages, injunctive relief, declaratory relief, dismissal of rules violation reports, or any other form of relief.

6. With respect to the exhibits attached to the Complaint, Defendants lacks sufficient knowledge or information to admit or deny the authenticity or content of those exhibits, and on that basis, deny the authenticity and content of those exhibits.

7. Except as expressly admitted above, Defendants deny every allegation in Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

Defendants Meier and Pierce assert the following as separate affirmative defenses to Plaintiff's Complaint:

1. To the extent that Plaintiff is seeking damages against Defendants in their official capacity, Plaintiff's claim is barred by the Eleventh Amendment.

2. Defendants are entitled to immunity or qualified immunity because no reasonable person in their respective positions would believe that their conduct was unlawful and the law was not clearly established that Defendants could be held liable for such conduct.

3. Plaintiff failed to timely and properly exhaust his available administrative remedies before filing this lawsuit with respect to all of the claims raised in the Complaint.

4. To the extent Plaintiff suffered any damages, he failed to mitigate his damages.

5. To the extent Plaintiff suffered damages, his own conduct contributed to those damages.

6. The damages sustained by Plaintiff, if any, were fully or partly the fault of others, who are not parties to this lawsuit. The identities of any such individuals may be determined in the course of discovery.

3

Defs.' Answer to Pl.'s Compl.; Demand for Jury Trial  (2:19-cv-02496-AC)

7. To the extent that Plaintiff's damages claims are based on mental or emotional injury, they must be dismissed because Plaintiff cannot show that Defendants' conduct caused him any physical injury, as required by 42 U.S.C. § 1997(e).

8. To the extent that Plaintiff has previously litigated the issues raised in the complaint, and those claims were finally determined, Plaintiff's claims are barred by the doctrines of res judicata or collateral estoppel.

Because Plaintiff's Complaint is couched in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert additional affirmative defenses, to the extent such affirmative defenses are applicable, is reserved.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38, Defendants demand that this action be tried by a jury.

## PRAYER FOR RELIEF

Defendants Meier and Pierce pray that the Court provide the following relief:

1. That Plaintiff take nothing by reason of his Complaint, and that judgment be rendered in favor of Defendants;

2. That Defendants be awarded attorney's fees pursuant to 42 U.S.C. section 1988;

3. That Defendants be awarded costs of suit incurred in defense of this action; and

4. Any other relief as the Court deems just and proper.

Dated:  March 24, 2022                    Respectfully submitted,

ROB BONTA
Attorney General of California
JOANNA B. HOOD
Supervising Deputy Attorney General


*/s/ JOSHUA S. SHUSTER*
JOSHUA S. SHUSTER
Deputy Attorney General
*Attorneys for Defendants*
*C. Pierce and R. Meier (Ret.)*

SA2021301984/35998953

4

Defs.' Answer to Pl.'s Compl.; Demand for Jury Trial  (2:19-cv-02496-AC)

# CERTIFICATE OF SERVICE

| Case Name: | **Antwone Stokes (F-42809) v. Meier, et al.** | No. | **2:19-cv-02496-AC** |
|---|---|---|---|

I hereby certify that on <u>March 24, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 24, 2022</u>, at Los Angeles, California.

| M. I. Salvador-Jett | */s/ M. I. Salvador-Jett* |
|---|---|
| Declarant for e-Filing | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>March 24, 2022</u>, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Antwone Stokes – CDCR No. F42809
12960 Dronfield, #262
Sylmar, CA 91342
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 24, 2022</u>, at Los Angeles, California.

| Reina Velasco | */s/ Reina Velasco* |
|---|---|
| Declarant for Service by U.S. Mail | Signature |

SA2021301984
64992569.docx