UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES, | No. 2:19-cv-2496 AC P |
| Plaintiff, | |
| v. | ORDER |
| ROSS MEIER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action closed on September 20, 2024, based on a stipulated voluntary dismissal. ECF No. 72. Pending before the court is plaintiff's request for refund of filing fees, which was filed on January 6, 2025. ECF No. 75. Although this action is closed, the court will address plaintiff's request for a refund. **However, plaintiff is advised that no orders will issue in response to future filings by plaintiff in this action because this action is closed.** For the following, reasons, plaintiff's request for refund of filing fees is denied.

In December 2019, plaintiff filed the complaint and a motion to proceed in forma pauperis in this case. ECF Nos. 1, 4. On April 12, 2021, the court granted plaintiff's motion to proceed in forma pauperis. ECF No. 6. In granting plaintiff's application to proceed in forma pauperis, the court ordered that plaintiff was required to pay the statutory filing fee of $350.00 for this action pursuant to 28 U.S.C. §§ 1914(a), 1915(b)(1). Id. at 2. By separate order, pursuant to 28 U.S.C.

1

§ 1915(b)(2), the court directed the California Department of Corrections and Rehabilitation ("CDCR") to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee was paid in full. ECF No. 7.

On September 19, 2024, the parties filed a stipulation for voluntary dismissal with prejudice, terminating the case. ECF No. 71. The following day, the Clerk of the Court closed this case pursuant to Federal Rule of Civil Procedure 41(a). ECF No. 72.

On January 6, 2025, plaintiff filed the pending request for refund of filing fees in this case, ECF No. 75, and in in Case No. 2:19-cv-1873 CSK, ECF No. 31. In his requests, plaintiff alleges that he was recently charged the filing fee for the instant action although the court had granted in forma pauperis status, and the fee had been waived. Id. at 2, 3, 5. He further alleges that he settled the instant action and does not understand why he is being charged the filing fee. Id. at 2. Plaintiff attaches a copy of a document titled "Inmate Obligation History," which reflects withdrawals from his trust account for payment of the filing fee in his other civil rights case, Case No. 2:19-cv-1873 CSK. Plaintiff's request for refund of filing fees in 2:19-cv-1873 CSK has been addressed by the judge in that case.

Plaintiff is informed that, even though the court granted plaintiff's in forma pauperis application and plaintiff settled this action, he is obligated to pay the $350.00 filing fee. At the time plaintiff filed this request, he still owed $350.00 for the filing fee in this action. However, since then then court has received payment and plaintiff's current filing fee balance for this case is now $0. This court does not have any specific information regarding the application of plaintiff's settlement money toward the filing fee for the instant action, or any other action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for refund of filing fees (ECF No. 75) is denied.

DATED: February 6, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE